**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Ira JOHNSON, Defendant–Appellant.**

No. 52453.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 9, 1988.

William J. Shaw, Public Defender, Mary E. Dockery, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ORDER

PER CURIAM.

Appellant was charged with three counts of burglary in the second degree. A jury convicted appellant on Count I and acquitted him on the other two counts. The court, having found the appellant to be a

persistent offender, sentenced him to fifteen years. We remand with directions.

Count I alleged that on April 30, 1984, appellant and another man unlawfully entered a building located at 9411 Olive Street Road and possessed by David Meador for the purpose of stealing.

Appellant's first point on appeal alleges that the trial court erred in overruling his request to discharge the jury when the prosecutor used three peremptory strikes to exclude black venirepersons from the jury panel and failed to give racially neutral explanations for his actions.

■ In order to establish a prima facie case of racial discrimination under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the defendant is entitled to rely on the fact that peremptory challenges by their nature permit prosecutors who are inclined to discriminate in jury selection to do so. In addition, the defendant must show: (1) that he is a member of a cognizable racial group; (2) that the prosecutor has exercised peremptory challenges to remove members of defendant's race from the jury panel; and (3) that these facts and any other relevant circumstances raise an inference that the prosecutor used the practice to exclude the venirepersons from the jury panel on account of their race. *Batson*, 106 S.Ct. at 1723.

In reviewing the record, we find that the appellant has established the first two *Batson* requirements. Appellant is a black person, and three of the four black venirepersons were struck. One black man remained on the jury and ultimately was elected its foreman. In this case, we are concerned with the third requirement because the Missouri Supreme Court has recently explained:

> As a practical matter, the third element of the prima facie case under *Batson* ... requires the trial court to consid-

er the State's explanation of the manner in which it employed its challenges prior to making a final determination as to whether a prima facie case exists. We must therefore direct our trial judges to consider the prosecutor's explanations as part of the process of determining whether a defendant has established a prima facie case of racially discriminatory use of peremptory challenges.

*State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987).

■ The prosecutor failed to state any reasons for his strikes, apparently believing it was unnecessary to justify the strikes because one black juror remained on the jury.[1] In light of *Antwine*, we do not believe that one black juror is sufficient to undercut an inference of discrimination *without a record of the reasons for the exclusion of the other black jurors* to aid the court in its determination of whether a prima facie case has been established.

This is not the same situation as we reviewed in *State v. Crump*, 747 S.W.2d 193 (Mo.App. 1988). In *Crump*, the black defendant was tried by a jury composed of five black and seven white jurors. This court concluded that the defendant could not complain that he was denied the equal protection of the law because the composition of the jury undercut any inference of discrimination. *Crump*, 747 S.W.2d at 195. In addition, although we did not address the reasons given for the strikes in *Crump*, both parties made records concerning the validity of the strikes at trial and presented arguments to this court which focused on those reasons. Because the trial judge had the benefit of the arguments of the parties, he was able to adjudicate the issue of whether the defendant had made a prima facie case of discrimination. In the case presently under our consideration, the trial

---

**1.** In response to the defense counsel's request to discharge the jury panel, the prosecutor responded: "Well, Your Honor, at this time I don't think it amounts to any intentional exclusion from the jury, as the records will show there is a black person that will be seated on the jury. There has not been systematic exclusion of the blacks from this panel."

court did not have the benefit of this submission; therefore, he could not have determined whether a prima facie case of discrimination had been made. *See Antwine*, 743 S.W.2d at 64. As a result, we must remand this case to the trial court for an evidentiary hearing to determine whether the prosecutor used his peremptory strikes in a discriminatory manner. The trial court is to certify to this court a record of the hearing and its findings of fact and conclusions of law so that we can take appropriate action consistent with *Batson. See Antwine*, 743 S.W.2d at 65–66. We will address appellant's other point, if necessary, at that time.

The cause is remanded for purposes of a hearing consistent with this opinion.