STATE of Missouri,
Plaintiff/Respondent,

v.

Kevin STATES, Defendant/Appellant.

No. 57862.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 18, 1990.

Charles M. Shaw, James Jay Knappenberger, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals after his conviction by a jury of assault in the first degree, § 565.050, RSMo 1986 and armed criminal action, § 571.015, RSMo 1986. The jury was unable to reach a decision on a charge of second degree murder and a mistrial was declared. He was sentenced by the court to serve fifteen years and thirty years. These sentences were to run concurrently. We remand.

The altercation that led to defendant's conviction occurred in front of the house where defendant resided with his girlfriend, her brother, and her children. Craig Saulberry and Andre Carter, a friend of Saulberry, came to defendant's residence to discuss a drug debt. There was conflicting evidence at trial as to whether the debt was owed to defendant or whether defendant owed money to Saulberry. Several witnesses testified that they had seen defendant with a gun earlier in the day and that he had threatened Saulberry. During the argument shots were fired. Andre Carter was hit in the arm and head by bullets and expired soon after. Defendant testified and admitted firing two shots at Saulberry as he fled but denied shooting Carter. He claimed that Saulberry had accidentally shot Carter while defendant and Saulberry were exchanging fire. He stated that Saulberry wanted him to sell drugs, an activity he had ceased, and was angry when he refused. He claimed that Saulberry had a gun when he arrived. The murder weapon was never found.

At trial, the state's principal witnesses were friends of Saulberry who had witnessed portions of the events which led to the murder, police officers who searched the area for evidence, and the police chief who supervised the interrogation of defendant. Defendant testified in his own behalf. The jury was unable to agree on Count One which charged defendant with second degree murder in the death of Andre Carter. Defendant was found guilty of first degree assault and armed criminal action. These charges arose from the shots he fired at Craig Saulberry. This appeal followed.

One of defendant's principal claims is that "the trial court erred when it ruled defendant did not make a prima facie case of racial discrimination in the state's use of peremptory challenges during voir dire by not requiring a race neutral explanation...." Initially we note that the trial court's findings as to whether the prosecutor discriminated by use of his peremptory challenges will be reversed only if clearly erroneous. *State v. Kilgore*, 771 S.W.2d 57, 62 (Mo. banc 1989).

Defendant, the victims, and most of the witnesses were black. The panel of 28 included two blacks. During voir dire the prosecutor struck one of two black venire members. The other served on the jury. Defendant objected that the strike was racially motivated.

This case was tried in November, 1989, and the state cited to the trial court our opinion in *State v. Andrews*, 770 S.W.2d 424 (Mo.App.1989), on which transfer to the Supreme Court had been denied on June 13, 1989. In *Andrews* four black jurors were on the panel and the state removed two by peremptory challenges. The state gave reasons for striking the two jurors and the defendant objected. The court overruled the objection. Judge Simeone in affirming wrote extensively of *Batson* and the cases following, stating that:

> Under the facts here, we are not convinced that a prima facie case of discriminatory peremptory challenge was made. But in any event the prosecutor did provide a neutral explanation for striking two of the four black venirepersons. While the prosecutor may not merely state that he challenged the juror on his intuitive judgment nor merely deny he had a discriminatory motive, the prosecutor here gave a neutral explanation related to the case—clearly and reasonably specific. Here, the trial court found that defendant did not make a prima facie case showing that the prosecutor used his strikes in a discriminatory fashion, but further found that the prosecutor gave a reasonable neutral explanation. There was no disproportionate use of strikes against blacks. *Id.* at 430, 431.

In this case, the state apparently convinced the court, based on *Andrews*, that a prima facie case had not been made because a black remained on the jury and all the strikes had not been used against blacks. A reading of *Andrews* hints that this might be true but in affirming the court also relied upon the prosecutor's explanation. The record here fully supports a determination by the trial court that, under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the defendant did not establish a prima facie case of racial discrimination based solely upon the state's challenge of one black juror. *See State v. Griffin*, 756 S.W.2d 475, 481 (Mo. banc 1988). However, we are bound by our supreme court's decision in *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), which expanded upon *Batson* by requiring the trial court to consider prosecutorial explanations for peremptory strikes as part of its analysis of whether a prima facie case had been made. *Id.* at 64. The *Antwine* rule applies to all cases, including this one, tried after *Antwine* was handed down. In fact, the argument presented to the trial court by the state in the instant case was rejected by us in *State v. Johnson*, 744 S.W.2d 879 (Mo.App.1988). In *Johnson* we said: "... we do not believe that one black juror is sufficient to undercut an inference of discrimination *without a record of the reasons for the exclusion of the other black jurors* to aid the court in its determination of whether a prima facie case has been established." *Id.* at 880. As a result, we must remand this case to the trial court for an evidentiary hearing to determine whether the prosecutor used his peremptory strikes in a discriminatory manner.[1] As in *Johnson*, the trial court must certify to this court a record of its proceedings. We will address defendant's other points if necessary at that time.

The cause is remanded for a hearing consistent with this opinion.

STEPHAN and CRANE, JJ., concur.

---

1. In defendant's Motion For A New Trial defendant states that "the prosecutor gave an insufficient reason for peremptorily striking juror Bonner ..." and the Motion describes the reason. The reason stated may well have constituted a reasonable hunch, *State v. Antwine*, 743 S.W.2d 51, 65 (Mo. banc 1987).